**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ANTONIO VANSHAUN HINES | * | Civil Case No. AW-11-2590 and |
| | * | AW-11-2622 |
| v. | * | Crim Case No. AW-10-075 and |
| | * | AW-10-076 |

UNITED STATES OF AMERICA

## MEMORANDUM OPINION

Before the Court is a Motion/Petition to Vacate filed by the Petitioner/Defendant, Antonio Vanshaun Hines for relief pursuant to 18 U.S.C. § 2255. Inasmuch as there are two criminal cases which gave rise to the concurrent sentences and judgments entered on December 8, 2010, there are also two civil actions both of which are separately designated for purposes of this memorandum opinion. On July 29, 2010, Petitioner pled guilty to three offenses: (1) Felon in Possession of a Firearm which was reflected as Count I in AW-10-0075; (2) Interference with Interstate Commerce by Robbery which was reflected as Count I in AW-10-0076; and (3) Interference with Interstate by Robbery which was reflected as Count III in AW-10-0076. Following the preparation and filing of a presentence report, the matter was set down for a sentencing on December 6, 2010. The Court determined that the final adjusted offense was a 31 and that the Petitioner had amassed criminal history points in the amount of 14 which placed Petitioner as a criminal history category VI. The Court further determined that because Petitioner had two prior felony convictions involving controlled substance offenses and a prior felony conviction (attempted robbery—a crime of violence) all three of which occurred in Prince George's County, Maryland, Petitioner was a career offender also making his criminal history

category a level VI. An offense level of 31 together with a criminal history of VI yielded a guideline range of 188 months to 235 months. The Court sentenced Petitioner on each of the three offenses to concurrent sentences of 208 months.

Petitioner presents essentially two claims in support of his Motion both of which are premised upon an argument that his conviction for the attempted robbery was not a violent offense [pursuant to 18 U.S.C. § 924 (e)(2)(B)(i) and (ii)] and thereby was a non-qualifying felony to support the 18 U.S.C. § 922 (g) (1) charge (felon in possession of a firearm). Petitioner further argues that his criminal history point's calculation improperly included two points for the non-qualifying offense and was improperly assessed for inaccurate information in the presentence report. In connection with these claims, Petitioner asserts first, that his trial counsel rendered ineffective assistance by failing to object to what he believes is the non-qualifying prior conviction of attempted robbery, and second, that the Court erred by improperly including two points for this prior non-qualifying attempted robbery (as having been committed less than two years after Petitioner's release from imprisonment) in its calculations of Petitioner's criminal history points. The Government has responded to the Motion and the matter (Motion) is now ripe for resolution.

.         With respect to the claims by Petitioner that his counsel was ineffective, the Court reviews his allegations under the well-established standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), under which a claimant must establish the two prong standard of deficient performance and prejudice. In other words, in order to succeed on his claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the

2

meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense.  Id.

Under 18 U.S.C. § 924 (e)(2)(B)(i) and (ii), a violent felony is defined as any crime punishable by imprisonment for a term exceeding one year….that (i) "has an element the use, attempted use, or threatened use of physical force against the person of another", or (ii) …otherwise involves conduct that presents a serious potential risk of physical injury to another…"  It is clear that under Maryland law the offense of robbery involves the taking of personal property from another by fear, force, intimidation, threat and risk of physical injury to another.  Attempting to rob is no less violent as the attempted use or threatened use of physical force to take personal property of another constitutes the same elements of robbery with the exception of the consummation of the intended act, merely, because of the presence of some circumstance(s) which thwarts this "dangerously close to completion act" from being successful.  The Court agrees with the Government and has no doubt that Petitioner's attempted robbery conviction meets the definition of a violent felony under 18 U.S.C. § 924 (e)(2)(B)(i) and (ii).  Even if there were some doubt, ambiguity or uncertainly with respect to the offense of attempted robbery under Maryland law (though the court has no doubt), a review of the state plea transcript (see Exhibit I attached to the Government's response) if the Court were to employ the modified categorical approach would lead to the same conclusion.

The transcript of the November 10, 2005 plea proceedings (pages 12-15) before the Honorable Sheila R. Tillerson-Adams, Associate Judge of the Prince George's County (Md) Circuit Court reflect a summary of the proffered facts:  a black man and a mask, armed with an unknown type of handgun jumped over the counter at the Marriott Hotel located at 6400 Ivy

Lane in the city of Greenbelt,.. and announced a robbery and demanded money; that the witnesses and another employee retreated to the back room at which time the male left the hotel without taking any money; that officers who were responding to the attempted robbery arrived, observed a 4-door red Pontiac leaving the hotel at a high rate of speed; observed a black male fitting the description of the robbery suspect(s) broadcasted; after a pursuit of the vehicle the officers stopped the vehicle and identified the driver of the vehicle as Petitioner; Petitioner bailed out of the vehicle, began running and was later apprehended; and a search of the area was performed and officers located a black ski and a black and gray knit cap—described as worn by the robber. Petitioner's attorney acknowledged that the proffer was a fair statement of the evidence and Petitioner offered no disagreement, no challenge or any adjustment of the facts. Based upon the statutory crime itself, as well as the facts and circumstances surrounding the offense, the Court concludes that it properly found that Petitioner's conviction for attempted robbery was a conviction for a violent felony. It follows that Petitioner's counsel was not ineffective under the Sixth Amendment in not challenging the attempted robbery conviction as a predicate offense. Therefore, under the *Strickland* standard, the Court cannot find on this record that Petitioner's counsel committed any error or deficiencies nor can the Court conclude that as a result of any alleged error has Petitioner suffered any prejudice.

With respect to Petitioner's criminal history category calculation, the Court finds no error in determining that Petitioner was a criminal history category VI. First, the Government is correct in pointing out that Petitioner does not contest that he is a career offender under U.S.S.G. § 4B1.1 because of his two prior drug convictions (in 1999 and 2004), which alone would place him in a criminal history category of VI. Moreover, beyond his bald allegation, Petitioner has

not presented a credible basis to challenge the addition of two points to his criminal history calculation because [as indicated in the presentence report and adopted by the Court] "the instant offense was committed less than two years following [Petitioner's] release from custody on July 10, 2008 for the sentence of three years. Under either approach, Petitioner's criminal history category was correctly determined to be a category VI.

In sum, the Court has reviewed the current pleadings and the entire files relative to the present motion as well as the underlying criminal case. The Court concludes that Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, the Petitioner's motion pursuant to § 2255 is DENIED.

## A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of the Motion. See 28 U.S.C. § 2253 (c) (1) "A [Certificate of Appealability, or COA]" may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id* at § 2253 (c) (2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983). Here the Court had concluded that Petitioner's conviction for attempted robbery under Maryland law is a violent crime under 18 U.S.C. § 924 (e) (2) (B), and has further concluded that the Court did not commit error in determining that Petitioner's criminal history was a category VI. It is the Court's view that Petitioner has raised no arguments which causes this Court to view the issues as debatable, or finds that the issues could have been resolved differently, or to conclude that the

issues raise questions which warrant further review. Accordingly, the Court denies a Certificate of Appealability.

A separate Order will be issued.


Date: December 30, 2011                             _____/s/_____
                                                                       Alexander Williams, Jr.
                                                                       United States District Judge